IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH SESSION, 1999

FILED

April 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **LEROY D. JONES,** | ) | **C.C.A. NO. 02C01-9809-CC-00296** |
| | ) | |
| Appellant, | ) | |
| | ) | **LAKE COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. R. LEE MOORE, JR., JUDGE** |
| **FRED RANEY, WARDEN,** | ) | |
| | ) | |
| Appellee. | ) | **(HABEAS CORPUS)** |

FOR THE APPELLANT:        FOR THE APPELLEE:

**LEROY D. JONES,** *pro se*        **JOHN KNOX WALKUP**
N.W.C.C. #267125        Attorney General & Reporter
Route 1, Box 660
Tiptonville, TN 38079        **CLINTON J. MORGAN**
        Assistant Attorney General
        2nd Floor, Cordell Hull Building
        425 Fifth Avenue North
        Nashville, TN 37243

        **C. PHILLIP BIVENS**
        District Attorney General
        P.O. Drawer E.
        Dyersburg, TN 38024

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

THOMAS T. WOODALL, JUDGE

# ORDER

In this case, the Petitioner, Leroy D. Jones, filed a petition for writ of habeas corpus in the Circuit Court of Lake County. He has appealed from the dismissal of the petition by the trial court without an evidentiary hearing.

The record reflects that on September 3, 1996, Petitioner pled guilty in the Criminal Court of Davidson County, Tennessee to the offense of second degree murder and two (2) counts of aggravated robbery. The pleas were pursuant to a negotiated plea agreement. Petitioner had originally been indicted for first degree murder, felony murder, and three (3) counts of aggravated robbery. The sentence imposed pursuant to the agreement was fifteen (15) years for second degree murder as a 100% Violent offender, and eight (8) years for each aggravated robbery conviction as a standard 30% Range I offender. The aggravated robberies were ordered to be served concurrent with each other but consecutive to the second degree murder sentence.

In his petition, and in his brief on appeal, the Petitioner contends that he never agreed to serve the second degree murder sentence as a 100% Violent offender, that his guilty plea was therefore not knowingly and voluntarily entered, that he had ineffective assistance of counsel, and that as a result, his sentences should be set aside. He argues that the murder sentence should be served as a Range I standard offender at 30% release eligibility, or in the alternative, that the court should order all sentences to be served concurrently.

The petition for writ of habeas corpus was filed on September 8, 1998, and the trial court entered its order on September 15, 1998 summarily dismissing the petition as the relief requested and the subject matter covered were not proper for relief by petition for writ of habeas corpus. The trial court did not err by doing so.

The action taken by the trial court, without a jury, was not a determination of guilt, and the information in the record does not preponderate against the finding of the trial court. There is no error of law in the record requiring a reversal of the order of dismissal entered by the trial court.

IT IS THEREFORE ORDERED that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
JOSEPH M. TIPTON, Judge